THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

COLTON HEAVNER                                                                                    PLAINTIFF

v.                                           Case No. 4:20-cv-00370-KGB

NUTRIEN AG SOLUTIONS, INC., and LARRY WILSON                          DEFENDANTS

**ORDER**

Before the Court is the motion to remand to state court filed by plaintiff Colton Heavner (Dkt. No. 3). Also before the Court are the motion to strike and motion for leave to file a reply in support of their motion to strike, both filed by defendants Nutrien Ag Solutions, Inc. ("Nutrien"), and Larry Wilson (collectively, "defendants") (Dkt. Nos. 10, 13), and the motion to strike defendants' brief, motion to defer Mr. Heavner's Rule 26(a)(1) disclosures, and motion for a hearing on remand, each filed by Mr. Heavner (Dkt. Nos. 14, 17, 20). For the reasons set forth herein, the Court grants the motion for leave to file a reply, denies the motions to strike, grants in part and denies in part the motion to remand to state court, and denies as moot the motion to defer Mr. Heavner's Rule 26(a)(1) disclosures and motion for a hearing on remand. This case is remanded to the Circuit Court of St. Francis County, Arkansas.

**I.      Factual And Procedural History**

This is a negligence case. On February 27, 2020, Mr. Heavner filed a complaint against defendants in the Circuit Court of St. Francis County (Dkt. No. 2). The complaint alleges as follows. Mr. Heavner is a self-employed truck driver who hauled fertilizer to, among other places, the Nutrien plant located in St. Francis, Arkansas (*Id.*, ¶ 2). On June 4, 2019, at approximately 9:00 p.m., Mr. Heavner arrived at the St. Francis plant to deliver fertilizer (*Id.*, ¶ 5). Mr. Wilson, the manager of the fertilizer warehouse, was the only Nutrien employee present at the time (*Id.*, ¶

6). Rather than operating the equipment himself, Mr. Wilson directed Mr. Heavner to off-load the fertilizer and dump it in the correct bin, a job that was the responsibility of Nutrien's employees, not Mr. Heavner (*Id.*, ¶¶ 6–7). Mr. Heavner alleges that defendants "failed to keep enough employees on duty to receive and transfer the fertilizer," and that, "[w]ith no other employees on hand, Wilson himself should have operated the auger to move the fertilizer to the proper bin." (*Id.*, ¶ 9).

Mr. Heavner complied with Mr. Wilson's directions and started to transfer the fertilizer from his and another driver's truck (*Id.*, ¶ 6). While Mr. Heavner was transferring the fertilizer to the correct bin, the other driver turned the auger on (*Id.*, ¶¶ 7–8). The auger tube at the top of the fertilizer warehouse had multiple doors, or "bays," which could be opened to drop fertilizer into the bins (*Id.*, ¶ 10(a)). The bays had come from the manufacturer with two latches on each of the doors, and each of the latches had a hook on it to keep the bay door closed (*Id.*). Any operator had to lean out and hang over an open area to reach the latches, exposing them to a 50-foot drop (*Id.*). According to Mr. Heavner, there was only one latch and hook on the bay that he had to open to drop the fertilizer into the correct bin (*Id.*, ¶ 10(b)). Mr. Heavner alleges that defendants "had neglected to replace the latches and hooks, or to replace bay doors that had missing latches." (*Id.*, ¶ 10(c)). Mr. Heavner struggled to open the right latch and lost his balance; to avoid falling over the railing and into the bin below, he grabbed the edge of the auger tube with his left hand, which was pulled into the moving auger, causing catastrophic damage to his left hand and arm (*Id.*, ¶ 10(d)).

Mr. Heavner served Nutrien through its registered agent on March 6, 2020, and Nutrien timely filed its notice of removal in this Court on April 2, 2020 (Dkt. No. 1). On April 3, 2020, Mr. Heavner filed a motion to remand for lack of subject-matter jurisdiction (Dkt. No. 3).

Defendants filed a response in opposition to the motion to remand to state court on April 17, 2020 (Dkt. No. 7), to which Mr. Heavner replied on April 23, 2020 (Dkt. No. 8).

On May 4, 2020, defendants filed a motion to strike certain materials attached to Mr. Heavener's reply brief (Dkt. No. 10). Mr. Heavner filed a response in opposition to defendants' motion to strike on May 7, 2020 (Dkt. No. 12). On May 15, 2020, defendants filed a motion for leave to file a reply in support of their motion to strike (Dkt. No. 13), which the Court grants. The Court directs defendants to file their reply brief within 14 days from the entry of this Order. The Court has considered defendants' proposed reply brief in ruling on their motion to strike (Dkt. No. 13-1). On May 22, 2020, Mr. Heavner filed a motion to strike defendants' motion for leave to file a reply in support of their motion to strike (Dkt. No. 14), to which defendants responded in opposition on May 26, 2020 (Dkt. No. 15). The Court denies Mr. Heavener's motion to strike defendants' motion for leave to file a reply in support of defendants' motion to strike (Dkt. No. 14).

On July 28, 2020, Mr. Heavner filed a motion to defer his initial disclosure obligations under Rule 26(a)(1) of the Federal Rules of Civil Procedure (Dkt. No. 17), to which defendants responded in opposition on August 11, 2020 (Dkt. No. 19). Finally, on August 13, 2020, Mr. Heavner requested a hearing on his motion to remand to state court (Dkt. No. 20).

For the reasons set forth below, this case is remanded to the Circuit Court of St. Francis County.

**II.    Legal Standard**

Nutrien removed this action to this Court on the basis of diversity jurisdiction, alleging that Mr. Wilson has been improperly joined to defeat diversity jurisdiction.[1] The federal removal statute, 28 U.S.C. § 1441, allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). As the removing party, Nutrien bears the burden of showing, by a preponderance of the evidence, that federal jurisdiction exists and that removal was proper. *See Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005) (citing *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990)). Because removal raises federalism concerns, any doubt as to the propriety of removal should be resolved in favor of remand to state court. *See Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (citing *In re Bus. Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993)).

Nutrien alleges diversity jurisdiction pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists in "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and there is diversity of citizenship between the parties. 28 U.S.C. § 1332(a). Section 1332(a) requires "complete diversity" of citizenship, which exists where "no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010) (quoting *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010)). Additionally, a case cannot be removed based on diversity jurisdiction if any properly joined defendant is a citizen of the state in which the action is brought. *See* 28 U.S.C. § 1441(b)(2).

---

[1] The parties use the phrase "fraudulent joinder" in their filings with the Court. Because the word "fraudulent" may carry a more negative connotation than is warranted, the Court will use the phrase "improper joinder" in this Order. This phrase also has the benefit of being more consistent with the statutory language than the phrase "fraudulent joinder."

If a plaintiff has improperly joined a non-diverse or in-state defendant, however, the citizenship of that defendant is disregarded for purposes of determining diversity. *See Simpson v. Thomure*, 484 F.3d 1081, 1083 (8th Cir. 2007); *see also Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011) ("[A] plaintiff cannot defeat a defendant's 'right of removal' by fraudulently joining a defendant who has 'no real connection with the controversy.'" (quoting *Chesapeake & O. R. Co. v. Cockrell*, 232 U.S. 146, 152 (1914))). "The burden of persuasion on those who claim fraudulent joinder is a heavy one." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)).

"Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002) (citing *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983)). "However, if there is a 'colorable' cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (citing *Foslip Pharm., Inc. v. Metabolife Int'l, Inc.*, 92 F. Supp. 2d 891, 903 (N.D. Iowa 2000)). In predicting whether the state law might impose liability, the court "should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Id.* at 811 (citing *Fields v. Pool Offshore, Inc.*, 182 F.3d 353, 357 (5th Cir. 1999)).

It is well-settled law that the motive for joining a resident defendant is immaterial. *See Williams v. Motel 6 Multipurpose, Inc.*, 120 F. Supp. 2d 776, 779 (E.D. Ark. 1998); *Barnes v. Sw. Bell Tel. Co.*, 596 F. Supp. 1046, 1049 (W.D. Ark. 1984); *see also Chi., R.I. & P. Ry. Co. v. Schwyhart*, 227 U.S. 184, 193 (1913) (explaining that "the motive of the plaintiff, taken by itself, does not affect the right to remove," and that, "[i]f there is a joint liability, he has an absolute right

5

to enforce it, whatever the reason that makes him wish to assert the right" (citing *Chi., B. & Q. Ry. Co. v. Willard*, 220 U.S. 413, 427 (1911), and *Ill. Cent. R. Co. v. Sheegog*, 215 U.S. 308, 316 (1909))). "Bad faith in bringing the action is not material; bad faith in the joinder is necessary." *Stone v. Foster*, 163 F. Supp. 298, 307 (W.D. Ark. 1958).

In conducting the improper-joinder inquiry, "some courts examine material beyond the complaint's allegations to 'determine if there is any factual support' for the claims against the allegedly fraudulently joined defendant." *Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011) (quoting *Masepohl v. Am. Tobacco Co.*, 974 F. Supp. 1245, 1250 (D. Minn. 1997)); *see also Petersen v. Rusch, Inc.*, No. 4:05CV01328ERW, 2006 WL 83492, at *2 (E.D. Mo. Jan. 12, 2006) (collecting cases and observing that "[a]t least some district courts in this Circuit have determined that it is permissible to consider evidence outside the pleadings in determining whether a defendant has been fraudulently joined").

### III.     Analysis

Mr. Heavner attached to his reply brief in support of his motion to remand to state court his own affidavit, as well as that of his mother and father (Dkt. No. 8, at 12–19). Defendants now move to strike these affidavits, contending that they were "improperly submitted for the first time on reply and no valid justification exists for the late submission," and that "portions of the testimony are inadmissible due to internal substantive contradiction, irrelevance, the inclusion of improper argument rather than statement of fact, the inclusion of testimony from settlement negotiations, and/or a general absence of foundation." (Dkt. No. 11, at 3). The Court disagrees. Defendants have invited the Court to "pierce the pleadings" and consider other evidence to determine whether, under Arkansas law, Mr. Heavner has a basis in fact for a valid claim against Mr. Wilson. While the Court generally does not consider issues raised for the first time in a reply

brief, *see*, *e.g.*, *Viking Supply v. Nat'l Cart Co.*, 310 F.3d 1092, 1099 (8th Cir. 2002), the affidavits submitted by Mr. Heavner in support of his motion to remand to state court appear to be in response to the affidavits of Mr. Wilson and Mr. Lieblong, submitted by defendants in opposition to the motion (Dkt. Nos. 7-1, 7-2). Having submitted evidence in opposition to Mr. Heavner's motion, defendants may not now petition the Court to strike from the record the evidence submitted by Mr. Heavner in support of his motion. Additionally, the Court observes that defendants have not requested leave to file a sur-reply to Mr. Heavener's reply in support of Mr. Heavner's motion to remand to state court to address these evidentiary matters. The motion to strike is denied.[2]

In his motion to remand to state court, Mr. Heavner argues that complete diversity does not exist because Mr. Wilson, like Mr. Heavner, is a citizen of Arkansas. Defendants concede that both Mr. Heavner and Mr. Wilson are citizens of Arkansas. However, defendants contend that the Court should ignore the in-state and non-diverse citizenship of Mr. Wilson because he was improperly joined to defeat diversity. The Court disagrees.

The Supreme Court of Arkansas has concluded that, "[w]hen it can be shown that an individual employed by a corporation is personally involved in the events surrounding an injury, the individual may be sued." *McGraw v. Weeks*, 930 S.W.2d 365, 370 (Ark. 1996) (citing *Cash v. Carter*, 847 S.W.2d 18 (Ark. 1993)). Here, Mr. Heavner's complaint specifically alleges acts and omissions of negligence committed by Mr. Wilson. For example, it is specifically alleged that Mr. Heavner's injuries were caused by the understaffing of the St. Francis facility and the failure to keep the premises safe for business invitees and that Mr. Wilson was the plant manager and person in charge of staffing and maintaining the fertilizer warehouse. Mr. Heavner claims that,

---

[2] The Court notes that it has not considered statements from compromise negotiations in ruling on Mr. Heavner's motion to remand to state court.

rather than Mr. Wilson's operating the equipment himself, Mr. Wilson directed Mr. Heavner to dump the fertilizer into the correct bin, a job that was the responsibility of Nutrien's employees, not Mr. Heavner (Dkt. No. 2, ¶¶ 6–7).  Mr. Heavner also claims that, had Mr. Wilson properly staffed the fertilizer warehouse, he would not have been instructed to operate the auger system (*Id.*, ¶ 9).  Mr. Heavner additionally faults Mr. Wilson for neglecting to replace latches and hooks, or to replace bay doors that had missing latches (*Id.*, ¶ 10(b)).  These allegations, if true, show that Mr. Wilson was personally involved in the events surrounding Mr. Heavner's injuries.

Although the Court recognizes that Mr. Wilson and Mr. Lieblong's affidavits contradict many of the allegations in Mr. Heavner's complaint, jurisdictional inquiry is not the appropriate stage of litigation to resolve such contentious factual issues and the conflicting averments of the parties.  Further, in determining whether "there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved," the Court is required to "resolve all facts and ambiguities in the current controlling substantive law" in Mr. Heavner's favor.  *See Filla*, 336 F.3d at 811 (citing *Fields*, 182 F.3d at 357).  What's more, by his own admission, Mr. Wilson, as "store manager," had "general oversight authority" for the St. Francis fertilizer warehouse and was present at the warehouse on the night that Mr. Heavner injured himself (Dkt. No. 7-1, Declaration of Larry Wilson, ¶¶ 4, 7).  Based on the record before it, the Court cannot say that the complaint contains certain assertions regarding Mr. Wilson's employment with Nutrien "that are demonstrably inaccurate."  *Wilkinson v. Whirlpool Corp.*, No. 2:13-CV-02228, 2014 WL 98801, at *3 (W.D. Ark. Jan. 10, 2014).  Thus, while there is a dispute over the extent to which Mr. Wilson was responsible for the staffing and maintenance of the facility, as well as the degree of his involvement in the events leading to Mr. Heavner's injuries, resolving such disputes is better saved for a later stage of the litigation, after further factual

development in the case. *See Filla*, 336 F.3d at 811 ("[I]n situations where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'" (quoting *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 n.6 (8th Cir. 1977))).

The Court also recognizes that defendants' briefing raises several defenses to Mr. Heavner's negligence claims. However, the existence of *possible* meritorious defenses to Mr. Heavner's negligence claims does not convince the Court that there exists *no* reasonable basis in fact and law supporting a claim against Mr. Wilson. All this to say that, in deciding whether to remand this action, the Court is not obliged to decide the disputed factual and legal issues raised in the litigation.

In sum, based on the allegations of the complaint, it is at least *possible* that an Arkansas court could find that Mr. Heavner has stated a cause of action against Mr. Wilson. Because defendants have not demonstrated that there is *no* possibility of recovery against Mr. Wilson, who is a non-diverse defendant, the Court finds that he has not been improperly joined. *See Wilcox v. Kansas City S. Ry. Co.*, 534 F. Supp. 106, 108 (W.D. Ark. 1981) (finding that joinder of station manager to complaint filed by motel and gift shop owner against railroad for damages resulting from a fire allegedly caused by their negligent maintenance of a right-of-way along the railroad was not improper where specific acts of negligence were alleged against station manager and there was at least a possibility that a claim had been stated against him). Consequently, the citizenship of the parties is not diverse, and the Court lacks subject-matter jurisdiction over this action. This case is remanded to the Circuit Court of St. Francis County.

IV. **Conclusion**

Having considered the motions, the briefs of the parties, the applicable legal authorities, and the entire record in this matter, the Court grants defendants' motion for leave to file a reply in support of their motion to strike and directs defendants to file their reply brief within 14 days from the entry of this Order (Dkt. No. 13).  The Court denies defendants' motion to strike (Dkt. No. 10) and Mr. Heavner's motion to strike defendants' motion for leave to file a reply in support of defendants' motion to strike (Dkt. No. 14).  The Court grants in part and denies in part Mr. Heavner's motion to remand to state court (Dkt. No. 3).  To the extent that Mr. Heavner seeks attorneys' fees in connection with his motion, the motion is denied.  In all other respects, the motion is granted.  The Court denies as moot Mr. Heavner's motion to defer his Rule 26(a)(1) disclosures (Dkt. No. 17) and motion for a hearing on remand (Dkt. No. 20).  This case is remanded to the Circuit Court of St. Francis County, Arkansas.

It is so ordered this 1st day of September, 2020.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge